FILED
2011 Sep-30 AM 10:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT E. PEYSER,

        Plaintiff,

v.

AURA FINANCIAL SERVICES, INC. and TIMOTHY MICHAEL GAUTNEY,

        Defendants.

No. _____

### COMPLAINT OF ROBERT E. PEYSER TO COMPEL ARBITRATION AND FOR LEAVE OF COURT FOR SERVICE BY PUBLICATION

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, Plaintiff Robert E. Peyser ("Plaintiff") as and for his Complaint against Defendants Aura Financial Services, Inc. ("AFS") and Timothy Michael Gautney ("Gautney") (collectively referred to as the "Defendants"), requests this Court to order Defendants to submit to arbitration as provided by the rules of the self-regulatory organization of which they were registrants.

### THE PARTIES

1. Plaintiff Robert E. Peyser ("Peyser") is an individual who resides in Aventura, Florida. In or around March 2005, Peyser was solicited by Michael Ligouri ("Ligouri"), a representative of AFS who was supervised by Gautney, to transact business in a "tax advantaged stock loan" ("TASL") which has since been discovered to be a ponzi scheme.

2. AFS is, on information and belief, an Alabama corporation with its last known address as noted with the Alabama Secretary of State at 600 Beacon Parkway West,

8117069_2

Birmingham, Alabama 35209-3120. AFS was a broker/dealer subject to the rules and regulations of the Financial Industry Regulatory Authority ("FINRA"), including but not limited to its arbitration rules. Further, AFS as a broker/dealer licensed in Alabama was required to permit the Alabama Securities Commission to accept service on its behalf[1]. The registration of AFS was revoked by FINRA or about October 18, 2010 as per the public records available on www.finra.org, annexed hereto as ***Exhibit "A."*** Ligouri was an agent of AFS under Gautney's supervision through July 2005.

3. Gautney is an individual whose last known address is Post Office Box 2570, Muscle Shoals, Alabama 35662-2570. At all times material hereto, Gautney was a controlling person, officer and director of AFS and a FINRA registrant subject to its arbitration rules. Gautney assumed the ultimate responsibility of supervising account executives at AFS, reviewing marketing materials and affirmative steps to comply with applicable registration requirements and compliance matters. Gautney was permanently barred from acting as a registrant with any member of FINRA or about September 17, 2010 as per the public records available on www.finra.org, annexed hereto as ***Exhibit "B."*** Gautney is, on information and belief, still a citizen of the State of Alabama.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1) based on diversity of citizenship of the parties. Specifically, Peyser is a citizen of the State of Florida and the Defendants are citizens of Alabama. Further, the amount in controversy exclusive of interest exceeds $75,000.00.

---

[1] As a general practice, FINRA does not and will not serve arbitration claims upon state securities regulators in instances where personal service cannot be consummated.

2

5.	Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because jurisdiction is based on diversity of the parties and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## GENERAL ALLEGATIONS

6.	This case involves allegations of fraud, misrepresentation and supervisory failures at AFS under Gautney's supervision relating to the solicitation of the sale of a TASL to Peyser. The Defendants, through Ligouri and with their supervision and approval, solicited Peyser to purchase the TASL. The TASL has since proven to be a ponzi scheme. Peyser's losses exceed $600,000.00.

7.	FINRA Code of Arbitration Procedure (the "Code") Rule 12200 provides that broker/dealers and registrants of broker/dealers <u>must arbitrate</u> a dispute under the Code if either: (1) Required by a written agreement, or (2) Requested by the customer; and the dispute is between a customer and a member or associated person of a member (emphasis added). Peyser was a customer of AFS. AFS was a member of FINRA when Ligouri solicited Peyser to purchase the TASL. Ligouri was also an agent of AFS under the supervision of Gautney at that time. As part of their registrations with FINRA, they agreed to be bound by FINRA's arbitration provisions[2].

8.	Pursuant to his rights under the broad arbitration provision set forth in Code Rule 12200, on June 24, 2011, Peyser initiated an arbitration action before FINRA against Defendants and others. Peyser's Statement of Claim is annexed hereto as ***Exhibit "C."***

---

[2]  The signature page of the Form U-4, which is utilized in the securities industry to register "associated persons," states in Acknowledgement §5 that "I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the SROs indicated in Section 4 as maybe amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction." The Form BD for corporate entities contains similar language.

9. Although required to do so, Defendants have not submitted to arbitration as required under FINRA rules. This is due in part to apparent efforts by Gautney to conceal his true address and the failure of AFS to acknowledge receipt of the Statement of Claim, if it indeed is still operating. To wit, the United States Securities and Exchange Commission ("SEC") was unable to serve Gautney in connection with regulatory proceedings that it filed and thereafter withdrew their action for its inability to locate and serve Gautney. See *Exhibit "D"* annexed hereto.

10. Likewise, FINRA has sought to serve the Statement of Claim on AFS and Gautney. Those efforts have also been unsuccessful. See *Exhibit "E"* annexed hereto. Clearly, any efforts to serve Defendants by traditional means have been, and will continue to be, futile.

11. Because this case involves interstate commerce, the Federal Arbitration Act applies and mandates that Peyser's claims against Defendants be arbitrated.

## APPLICABLE LAW

12. The Federal Arbitration Act ("FAA") provides that "[a] written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable[.]" 9 U.S.C. § 2.

13. The FAA applies to every contract involving interstate commerce. *See* 9 U.S.C. § 2. The words "involving commerce" as used in Section 2 of the FAA are equivalent to "affecting commerce," and signal an intent to exercise Congress' commerce power to the fullest extent of the Commerce Clause. *Citizens Bank v. Alafabco, Inc.* 539 U.S. 52, 56 (2003).

14. Because the statute provides for the enforcement of arbitration agreements within the full reach of the Commerce Clause, the FAA encompasses a wider range of transactions than those actually "in commerce." *Citizens Bank*, 539 U.S. at 56.

15. Here, there can be no genuine dispute that this case involves interstate commerce, as the transactions involves purchases and sales of financial services by Peyser who resides in Florida through agents of an Alabama corporation. Thus, the FAA governs this case.

16. Under the FAA, when a court is presented with a dispute covered by an arbitration agreement, the court "shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

17. "[T]he [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts **shall** direct the parties to proceed to arbitration." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original).

18. The FAA requires courts to give liberal interpretation to arbitration provisions. Thus, in determining whether Peyser's claims against Defendants are arbitrable, the Court must consider the strong underlying policy favoring arbitration and resolve any doubts concerning the scope of arbitrable issues in favor or arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

19. In sum, the FAA establishes a "strong federal preference for arbitration of disputes" and that preference "must be enforced [if] possible." *Davidson v. PDS Technical Servs., Inc.*, Case No. 8-10-cv-1755-T-23EAJ, 2010 U.S. Dist. LEXIS 123178, at *4 (M.D. Fla. Nov. 8, 2010) (*quoting Musnick v. Peyser Motor Co.*, 325 F.3d 1255, 1258 (11th Cir. 2003)).

20. Here, the arbitration obligations of Defendants are broad in scope and requires arbitration of Peyser's claims.

21. Accordingly, Peyser's claims against the Defendants are arbitrable because they relate to Peyser's transaction of business with agents of AFS under Gautney's supervision. *See, e.g., Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc.,* 10 F.3d 753, 758 (11th Cir. 1993) (claims are arbitrable even where they sound in tort rather than contract).

22. The arbitration provision requires, by its terms and without limitation, arbitration of disputes relating to Peyser's transaction of business with an agent of AFS under the supervision of Gautney.

WHEREFORE, Plaintiff respectfully requests that this Court enter Orders (1) permitting Plaintiff to serve Defendants with this Complaint by publication as provided under the laws of the State of Alabama and in care of the Alabama Securities Commission, given their refusal and apparent efforts to evade service of process from FINRA and the SEC, (2) granting Plaintiff's request to compel arbitration and (3) other relief that this Court deems equitable.

Date:   September 29, 2011                    Respectfully submitted,


                                              */s/ Richard S. Frankowski*
                                              Richard S. Frankowski
                                              Robert E. Norton

OF COUNSEL:
**BURKE HARVEY & FRANKOWSKI, LLC**
One Highland Place
2151 Highland Avenue, Suite 120
Birmingham, AL 35205
(205) 930-9091 (Tel)
(205) 930-9054 (Fax)

PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:

Aura Financial Services, Inc.
600 Beacon Parkway West
Birmingham, Alabama 35209-3120

Timothy Michael Gautney
P.O. Box 2570
Muscle Shoals, Alabama 35662-2570

Beth Chapman
Alabama Secretary of State
P.O. Box 5616
Montgomery, Alabama 36103-5616

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT E. PEYSER,

              Plaintiff,

v.

AURA FINANCIAL SERVICES, INC. and TIMOTHY MICHAEL GAUTNEY,

              Defendants.

Case No. _____

**ORDER**

AND NOW, this ____ day of _____, 2011, upon consideration of the Complaint of Plaintiff Robert E. Peyser to Compel Arbitration, it is ORDERED that Plaintiff's request to Compel Arbitration is **GRANTED** as follows:

    1.    Defendant Aura Financial Services, Inc. is ORDERED to submit to arbitration before FINRA in Case Number 11-02601;

    2.    Defendant Timothy Michael Gautney is ORDERED to submit to arbitration before FINRA in Case Number 11-02601.

BY THE COURT:

_____
                                J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT E. PEYSER,<br><br>                             Plaintiff,<br>     v.<br><br>AURA FINANCIAL SERVICES, INC. and TIMOTHY MICHAEL GAUTNEY,<br><br>                             Defendants. | :<br>:<br>:<br>:<br>:   Case No. _____<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

AND NOW, this \_\_\_\_ day of _____, 2011, upon consideration of the request of Plaintiff Robert E. Peyser to serve Defendants Aura Financial Services, Inc. and Timothy Michael Gautney and supporting documentation provided to this Court, it is ORDERED that Plaintiff shall be permitted to serve Defendants (1) in care of the Alabama Securities Commission and (2) by publication as provided under the laws of the State of Alabama and this Court.

BY THE COURT:

_____
                                                          J.